UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARION MERRITT-RUTH and SIDNEY GURLEY, JR., <br><br>  Plaintiffs, <br><br> v. <br><br> OFFICER LATTA, OFFICER BLAIR, SAVITHIV KAKAN, and BETH FRITZ, <br><br>  Defendants. | Case No. 14-cv-12858 <br><br> Honorable Patrick J. Duggan |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO AMEND OPINION AND ORDER OF FEBRUARY 20, 2015 TO CERTIFY FOR IMMEDIATE APPEAL AND FOR STAY OF PROCEEDINGS PENDING APPEAL**

This civil rights action, instituted by Marion Merritt-Ruth ("Plaintiff") as personal representative of the estate of Sidney Gurley, stems from Gurley's death while he was in the custody of the Michigan Department of Corrections ("MDOC") and an inmate at the Gus Harrison Correctional Facility in Adrian, Michigan. This is the second civil action filed by Plaintiff, as she filed a lawsuit containing substantially similar claims against various defendants in November of

2012 (the "2012 Action").[1] The 2012 Action terminated after the Court dismissed the lawsuit without prejudice and the twenty-one-day period the Court gave Plaintiff to file a second amended complaint lapsed. Instead of filing a second amended complaint, Plaintiff instituted the present action (the "2014 Action") outside of the twenty-one-day period. Defendants then sought to dismiss the 2014 Action on several bases, one of which is relevant to the dispute presently before the Court: namely, that the Court should dismiss the 2014 Action as barred by the doctrine of *res judicata*. In an Opinion and Order dated February 20, 2015, this Court concluded that *res judicata* did not bar Plaintiff from instituting a new civil action.

On March 17, 2015, Defendant Savithri Kakani[2] filed a motion to amend this Court's February 20, 2015 Opinion and Order to certify the action for immediate appeal and for a stay of the proceedings in this Court pending appeal. (ECF No. 44.) Defendants Susan Frey-Latta, Thomas C. Blair, and Beth Fritz (the "MDOC Defendants") filed a notice of concurrence with Defendant Kakani's

---

[1] The 2012 Action, case number 12-cv-15251, was assigned to the undersigned.

[2] The Amended Complaint incorrectly identifies Defendant Kakani as "Savithiv Kakan."

motion.[3] (ECF No. 45.) The motion has since been fully briefed. Having thoroughly considered the arguments set forth in the briefs, the Court determined that oral argument would not significantly aid the decisional process, and dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons set forth herein, the Court grants Defendants' motion, stays further proceedings of this action in this Court pending resolution of the appeal, and amends the Opinion and Order of February 20, 2015 to permit Defendants to seek permission from the United States Court of Appeals for the Sixth Circuit to file an immediate appeal. Fed. R. App. Pro. 5(a)(3).

## I. BACKGROUND [4]

### A. The 2012 Action

On November 29, 2012, Plaintiff filed the original complaint in the 2012 Action. Plaintiff filed an amended complaint on April 25, 2013. In an Opinion and Order dated April 1, 2014, the Court dismissed the amended complaint without prejudice as to all defendants and gave Plaintiff, who was proceeding pro se,

---

[3] The Court notes that the MDOC Defendants' notice of concurrence indicates that they, along with Defendant Kakani, "seek reconsideration as well as a stay of proceedings and certification for immediate appeal." (MDOC Defs.' Br. 2.) Defendant Kakani, however, did not request reconsideration of this Court's February 2015 Opinion and Order, and the MDOC Defendants mere reference to reconsideration is an insufficient basis on which to request such relief.

[4] Because the factual and procedural background is thoroughly laid out in this Court's February 20, 2015 Opinion and Order, the Court only discusses the background pertinent to the instant motion.

twenty-one days from receipt of the Opinion and Order to file a second amended Complaint. The Court's Order is reprinted verbatim immediately below.

> **IT IS ORDERED** that the MDOC Defendants' Motion to Dismiss is **GRANTED** and that Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**;
>
> **IT IS FURTHER ORDERED** that this Court **MODIFIES AND VACATES** its July 24, 2013 Opinion and Order dismissing the Non-MDOC Defendants (Defendants Prasad, Jindahl, and Kakan) with prejudice and herein **ORDERS** that these defendants are **DISMISSED WITHOUT PREJUDICE**;
>
> **IT IS FURTHER ORDERED** that Plaintiff has **TWENTY-ONE (21) DAYS** from receipt of this Opinion and Order to **FILE A SECOND AMENDED COMPLAINT** curing the deficiencies described herein.

B.   **Institution of the Present Civil Action**

In lieu of filing a second amended complaint in the 2012 Action, Plaintiff instituted the 2014 Action on July 22, 2014, and filed an amended complaint on October 13, 2014. Plaintiff is now proceeding with counsel.

C.   **The Court's February 20, 2015 *Res Judicata* Determination**

In seeking dismissal of the 2014 Action, Defendants argued that the 2012 Action precluded the filing of a second lawsuit, relying on *res judicata*, a rule providing that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428 (1981) (citations omitted).

4

Applying the four-part test utilized by courts within the Sixth Circuit, the Court concluded that the dismissal of the 2012 Action without prejudice did not amount to a final decision on the merits. As a result, *res judicata* did not preclude the 2014 Action. Defendants contend that this conclusion was erroneous.

## II. GOVERNING LEGAL STANDARD

Defendants seek permission to file an appeal pursuant to Rule 5(a)(3) of the Federal Rules of Appellate Procedure. Absent certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or Rule 54(b) of the Rules of Civil Procedure, "[l]itigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits." *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-00758, 2015 U.S. Dist. LEXIS 101091, at *6 (N.D. Ohio Aug. 3, 2015) (unpublished) (citations omitted). This is because interlocutory appeals in the federal system are generally disfavored. *Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S. Ct. 669 (1981). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74, 117 S. Ct. 467, 475 (1996). Accordingly, the party seeking interlocutory certification bears the burden of showing that exceptional circumstances exist such that an interlocutory appeal is warranted. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re*

5

*City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002); *cf. In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (explaining that § 1292(b) certification "should be sparingly applied" and "is to be used only in exceptional circumstances").

The pertinent statute governing interlocutory certification and appeals provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [(1)] a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

### III.  ANALYSIS

**A.  Controlling Legal Issue**

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. "A question may be controlling 'if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceedings.'" *Hurt*, No. 1:12-CV-00758, 2015 U.S. Dist.

LEXIS 101091, at *7 (quoting 16 Wright & Miller, Federal Practice & Procedure Juris. § 3930 (3d ed. 2015)).

It is beyond dispute that "[t]he application of *res judicata* is a question of law" that the Sixth Circuit reviews de novo. *Bates v. Twp. of Van Buren*, 459 F.3d 731, 734 (6th Cir. 2006) (citing *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002)). The Court concludes that the legal question presented – whether this Court correctly resolved the *res judicata* issue raised by Defendants – is controlling. This is because if the Sixth Circuit were to ultimately disagree with this Court's resolution of the *res judicata* question, Plaintiff's claims would be subject to dismissal and the case would be closed. In other words, a reversal on appeal on the *res judicata* issue would result in a dismissal that might have been ordered without any further proceedings in this Court.

Thus, this first consideration weighs in favor of granting Defendants' request for leave to file an interlocutory appeal.

**B.     Substantial Grounds for Different Opinion**

The second factor district courts are to consider in whether to certify an interlocutory appeal is whether substantial grounds exist for a different opinion on the issue. Substantial grounds for a difference of opinion exist when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions;

7

(2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d at 384 (citation omitted).

Here, Defendants assert that this condition is "indisputably met" for two independent reasons. (Def. Kakani's Br. 18.) First, Defendants contend that there is a difference of opinion in the controlling circuit, as this Court reached a different outcome than the unpublished Sixth Circuit opinion in *Ohio Carpenters Central Collection & Administrative Agency v. B. P. Jenkins, Inc.*, Nos. 90-3208, 90-3236, 1991 U.S. App. LEXIS 4234 (6th Cir. Mar. 11, 1991) (unpublished) (per curiam). In the alternative, Defendants contend that because there is no binding authority specifically answering this question of law, "this is a difficult issue of first impression – the difficulty being demonstrated by the two divergent opinions on the issue." (Def. Kakani's Br. 19.) Because the Court agrees that there is a difference of opinion in the controlling circuit that makes the controlling legal issue one on which there are substantial grounds for a different opinion, the Court only addresses Defendants' first contention.

Defendants argue that there is a difference of opinion warranting certification of an interlocutory appeal, relying on the unpublished Sixth Circuit case of *Ohio Carpenters*. In *Ohio Carpenters*, the parties settled the underlying action, and the district court entered an order of dismissal "without costs and

without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated." *Id.* at *1-2. Fifteen months after the entry of the district court's order, the plaintiffs filed a motion to reopen the case, which the district court denied. *Id.* at *2. The Sixth Circuit rejected the plaintiffs' argument that the district court's "without prejudice" language did not constitute an adjudication on the merits for purposes of *res judicata*. The Court explained:

> We agree with the district court that the language of the order of dismissal is properly interpreted to mean that the case was dismissed without prejudice for the first 60 days only, and after expiration of the 60 days was converted to a dismissal with prejudice. Thus, the order of dismissal operated as an adjudication on the merits after 60 days because no further action was taken by the plaintiffs within that time period. Because plaintiffs were precluded from reopening the case after 60 days, they were precluded from refiling a second suit against the defendant for claims arising before the expiration of the 60-day period following the order of dismissal.

*Id.* at *3.

In its February 20, 2015 Opinion and Order rejecting Defendants' *res judicata* argument, the Court acknowledged *Ohio Carpenters*, but declined to follow it on the basis that it was unpublished, and therefore, not binding. The Court explained that the dismissal of the 2012 Action was "without prejudice" and "was not explicitly conditioned upon the filing of a second amended complaint, as the Court did not indicate that the dismissal without prejudice would be converted into one with prejudice should Plaintiff choose not to file an amended pleading

9

within the twenty-one day period." Unlike the language in *Ohio Carpenters* that was expressly conditional, the language in the Court's dismissal of the 2012 Action was not. Further, it is this Court's belief that penalizing Plaintiff, who was proceeding pro se at the time, for its own lack of clarity in the order of dismissal would be neither just nor fair. This is particularly true in light of the fact that the Court never expressly indicated that the dismissal without prejudice would be converted into one with prejudice if a second amended complaint was not filed in accordance with the Court's order.

In spite of this belief, however, the Court acknowledges that the logic deployed in *Ohio Carpenters* could apply with equal force here. That is, if Plaintiff could not file a second amended complaint in the 2012 Action after the twenty-one-day period set forth in the dismissal order, then it was arguably improper to permit Plaintiff to institute a new civil action after that three-week period lapsed.

For these reasons, the Court concludes that the "substantial grounds for different opinion" requirement set forth in 28 U.S.C. § 1292(b) has been satisfied.

**C.      Material Advancement of Ultimate Termination of the Litigation**

Finally, the Court must consider whether an immediate appeal would materially advance the ultimate termination of the litigation. "Such circumstances exist where appellate review could 'appreciably shorten the time, effort, and

10

expense exhausted between the filing of a lawsuit and its termination.'"  *Hurt*, No. 1:12-CV-00758, 2015 U.S. Dist. LEXIS 101091, at *11 (quoting *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich. 1978)).

In this case, if judgment is ultimately entered against Defendants, Defendants will almost certainly appeal the Court's *res judicata* decision, as they have intimated as much in their moving papers.  While an interlocutory appeal and concomitant stay of proceedings during the pendency of that appeal will serve to delay the proceedings in this Court, an interlocutory appeal could very well shorten the resolution of this litigation.  That is, if the appellate court disagrees with this Court's resolution of the *res judicata* issue, the case will be dismissed.  Indeed, permitting such an appeal may save the parties effort, time, and expense.

As such, the Court concludes that this factor weighs in favor of granting the present motion.

**D.     Stay of Proceedings**

Because the Court has determined that the factors for an interlocutory appeal have been met, it must now evaluate whether to stay proceedings during the pendency of that appeal, as 28 U.S.C. § 1292(b) expressly provides that an "application for an appeal [] shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

Federal Rule of Appellate Procedure 8(a) provides that a party seeking to stay a judgment or order of a district court pending appeal must ordinarily move first in the district court.  Fed. R. App. P. 8(a)(1)(A).  The Sixth Circuit reviews four factors when evaluating a stay pending appeal under this rule:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*SEIU Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (per curiam) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together."  *Griepentrog*, 945 F.2d at 153.  The moving party has the burden of demonstrating entitlement to a stay.  *SEIU Local 1*, 698 F.3d at 343 (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)).

With respect to the first factor – the likelihood that Defendants will prevail on the merits of their appeal – the Court has acknowledged that the outcome of its February 20, 2015 Opinion and Order differed with the outcome reached in a Sixth Circuit case implicating similar, although certainly not identical, circumstances.  Although the Court is not persuaded that its outcome was incorrect, because the question is debatable amongst jurists of reason, the Court believes that this factor

weighs in favor of staying proceedings pending the Sixth Circuit's decision on appeal, should the Sixth Circuit grant permission for the parties to proceed with an interlocutory appeal.[5]

Turning now to the likelihood that Defendants will be irreparably harmed absent a stay, the Court concludes that this factor also weighs in favor of granting a stay.  As Defendant Kakani's brief indicates, "[t]o proceed with discovery and obtain a resolution on the merits, only to face appeal in the event that one or more Defendants are found liable, would be a tremendous waste of time, money, and resources for all parties[.]"  (Def. Kakani's Br. 20.)

The remaining considerations – whether others will be harmed if the Court grants the requested stay and the public interest in granting the stay – are both neutral, and do not weigh heavily in this Court's analysis.  If the Sixth Circuit concludes that an immediate appeal is not warranted, or that this Court decided the *res judicata* issue correctly, Plaintiff will be permitted to proceed with her case.  While a stay will inevitably delay the proceedings here, and potentially the ultimate resolution of this action, this is not enough to deny Defendants' request for a stay.

### IV.  CONCLUSION AND ORDER

---

[5] Title 28 U.S.C. § 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, provided that the conditions set forth in the provision are satisfied, the district court so certifies, *and the court of appeals exercises its discretion to take up the request for review*.

For the reasons set forth herein, the Court concludes that the issue Defendants seek to appeal is appropriate for interlocutory review.

Accordingly, Defendants' motion to amend Opinion and Order of February 20, 2015 to certify for immediate appeal and for stay of proceedings pending appeal (ECF No. 44) is **GRANTED**. An amended order amending the February 20, 2015 Opinion and Order shall issue forthwith.

Dated: August 11, 2015

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:

**Thomas E. Kuhn**
**David A. Robinson**
**Cori E. Barkman, AAG**
**Lisa M. Geminick, AAG**
**Carly A. Van Thomme**
**Ronald W. Chapman**
**Kimberley A. Koester**