UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARION MERRITT-RUTH,

Plaintiff,

v.

OFFICER SUSAN FREY-LATTA AND
OFFICER THOMAS BLAIR,

Defendants.
_________________________________/

Case No. 14-12858

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE IMPERMISSIBLE DAMAGE CLAIMS, TESTIMONY, AND ARGUMENT [123]**

This case arises from the death of Sidney Gurley, who was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan when he passed away from acute peritonitis caused by a ruptured appendix. The only remaining claims in this case rest on allegations that Officers Susan Frey-Latta and Thomas Blair violated Gurley's Eighth Amendment protection against cruel and unusual punishment through their deliberate indifference to Gurley's serious medical needs. This matter is now before the Court on Defendants' Motion *in Limine* to Exclude Impermissible Damage Claims, Testimony, and Argument (Dkt. # 123). For the reasons stated below, this Court DENIES Defendants' motion.

Defendants' motion seeks to preclude Plaintiff from calling family members to testify and from introducing evidence regarding emotional feelings or losses of family members or others, including the following exhibits proposed by Plaintiff: photographs of Gurley with his family, Gurley's funeral program, and family memorabilia. Defendants argue that such

evidence would suggest to the jury that they should include damages which are impermissible in an action brought under 42 U.S.C. § 1983. Citing *Blair v. Harris*, 993 F. Supp. 2d 721 (E.D. Mich. 2014), Defendants argue that Plaintiff may only recover for conscious pain and suffering by Gurley between the time of injury and death---not for loss of enjoyment, post-death loss, loss of companionship, emotional distress, loss of financial support, or loss of society.

Citing *Robertson v. Wegmann*, 436 U.S. 584 (1978), Plaintiff responds that the Supreme Court has specifically allowed survivors to sue for injury to their own interest if allowed by state law. Plaintiffs further argue that Sixth Circuit precedent requires acceptance of Michigan's wrongful death statute, which provides recovery for a victim as well as for the victim's estate and survivors as an appropriate damage remedy in section 1983 cases, citing *Frontier Ins. Co. v. Blaty*, 454 F.3d 590 (6th Cir. 2006).

Plaintiff brings this action under 42 U.S.C. § 1983 in her capacity as personal representative of Gurley's estate. Section 1983 provides no guidance for how to evaluate damages; however, if section 1983 is

> deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause.

42 U.S.C. § 1988. *See Robertson*, 436 U.S. at 588-89. The Supreme Court has recognized that survivors suing under section 1983 "for injury to their own interests" may recover damages when allowed by state law. *Id.* at 592, n.9.

In this case, the Court must apply Michigan's civil damages laws. Michigan's wrongful death statute provides as follows.

> [T]he court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including [1] reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; [2] reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and [3] damages for the loss of financial support and the loss of the society and companionship of the deceased.

Mich. Comp. Laws § 600.2922(6). "Michigan's wrongful death statute is a derivative one whereby the personal representative of the deceased stands in the latter's shoes." *Blaty*, 454 F.3d at 600.

The Sixth Circuit has instructed that courts "should not disturb a state remedy unless it is clear that such remedy is wholly inconsistent with the Constitution and the goals of section 1983." *Id.* at 603. In *Blaty*, the court found that "Michigan's wrongful death act is consistent with the compensatory purpose of section 1983 identified by the Supreme Court." *Id.* at 601. The court further stated that Michigan's wrongful death statute "authorizes an award of damages for survivors' losses of support, society, and companionship," which is consistent with the deterrent purpose of section 1983. *Id.* The Court therefore concludes that Gurley's estate may recover the full extent of damages available under Michigan's wrongful death statute.

As did the district court in *Warren v. Shilling*, No. 2:12-CV-13, 2015 WL 1726787, at *3 (W.D. Mich. Apr. 15, 2015), this Court declines to follow Defendants' citation to *Blair v. Harris*, 993 F. Supp. 2d 721, 731 (E.D. Mich. 2014). The court in *Blair* relied primarily on *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984), and on *Claybrook v. Birchwell*, 199 F.3d 350, 355 (6th Cir. 2000). However, while both *Jaco* and *Claybrook* establish that a state

remedy for a section 1983 violation must provide recovery to the victim himself, neither case limits a state remedy such that survivors are precluded from recovery. *See Warren*, 2015 WL 1726787, at *4. In *Jaco*, the Sixth Circuit analyzed Ohio's wrongful death statute, which unlike Michigan's wrongful death statute, provided no remedy for the personal injury suffered by the victim himself. 739 F.2d at 242-43. Accordingly, the court found that the Ohio statute was irreconcilable with 42 U.S.C. § 1988. *Id.* at 244-45; *Blaty*, 454 F.3d at 603. In this case, Michigan's wrongful death statute provides recovery for the victim as well as the victim's estate and survivors, and there is no reason to disturb the state remedy. *See Blaty*, 454 F.3d at 603. In *Claybrook*, the court held that section 1983 did not create an independent cause of action for survivors. 199 F.3d at 357. The court found that a complaint survived dismissal where the plaintiffs had adequately requested compensation for the victim's alleged constitutional injuries in their representative capacities as co-administrators of his estate. *Id.* Likewise, in this case, Plaintiff appropriately seeks damages in her representative capacity. *Claybrook* does not bar a victim's survivors from recovering damages allowed by state law.

Accordingly, the Court rejects Defendants' argument and DENIES Defendants' Motion *in Limine* to Exclude Impermissible Damage Claims, Testimony, and Argument (Dkt. # 123).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 7, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 7, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager